UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRAIG MEADOR,

PLAINTIFF,

V.

DB SCHENKER, D/B/A SCHENKER
AMERICAS, INC.,

DEFENDANT.

Civil Action No. 1:21-cv-11127-RGS

## ANSWER AND AFFIRMATIVE DEFENSES

Schenker Americas, Inc. ("Schenker") responds to Plaintiff Craig Meador's Complaint and Jury Demand ("Complaint") as follows:

Schenker states that the first unnumbered paragraph of the Complaint consists of an introductory paragraph to which no response is necessary. To the extent a response is necessary, Schenker denies the allegations of the first unnumbered paragraph of the Complaint.

### Parties

1.      Schenker is without sufficient information to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies them.

2.      Schenker admits that Schenker Americas, Inc., is a corporation that operated a location in Peabody, Essex County, Massachusetts, and has its headquarters in Chesapeake, Virginia.

### Location and Venue

3.      Schenker states that Paragraph 3 consists of legal conclusions to which no response is necessary. To the extent a response is necessary, Schenker denies the allegations of Paragraph 3.

4.    Schenker states that Paragraph 4 consists of legal conclusions to which no response is necessary.  Schenker admits only that the Court has subject matter jurisdiction over this case.

5.    Schenker states that Paragraph 5 consists of legal conclusions to which no response is necessary.  Schenker admits only that the Court has subject matter jurisdiction over this case.

6.    Schenker states that Paragraph 6 consists of legal conclusions to which no response is necessary.

### Statement of Facts

7.    Schenker admits that it is a company that provides logistics and transportation services.

8.    Schenker admits that Plaintiff formerly worked for Schenker as a Manager, Business Development I from in or around February 2018 until in or around December 2020. Schenker denies the remaining allegations of Paragraph 8.

9.    Schenker admits that Plaintiff's job involved, among other things, developing marketing opportunities in supply chain services for new and established customers.

10.    Schenker is without sufficient information to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies them.

11.    Schenker admits that Plaintiff was paid by Schenker, Inc. and that Plaintiff worked some of the time in Massachusetts.  Schenker is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 11 and therefore denies them.

12.    Schenker states that Paragraph 12 consists of legal conclusions to which no response is necessary.  To the extent a response is necessary, Schenker denies the allegations of Paragraph 12.

13.    Schenker states that Paragraph 13 consists of legal conclusions to which no

response is necessary.  To the extent a response is necessary, Schenker denies the allegations of Paragraph 13.

14.     Schenker admits that Plaintiff worked with its Canada operations until in or around May 2020, and that Plaintiff worked some of the time in Massachusetts.  Schenker denies the remaining allegations of Paragraph 14.

15.     Schenker admits that Plaintiff's compensation included both a salary and commissions.  Schenker denies the remaining allegations of Paragraph 15.

16.      Schenker denies the allegations of Paragraph 16.

17.     Schenker admits that Plaintiff began working with the United States team in in or around May 2020.  Schenker denies the remaining allegations of Paragraph 17.

18.     Schenker is without sufficient information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19.     Schenker admits the allegations of Paragraph 19.

20.     Schenker denies the allegations of Paragraph 20.

21.     Schenker denies the allegations of Paragraph 21.

22.     Schenker denies the allegations of Paragraph 22.

23.     Schenker denies the allegations of Paragraph 23.

24.     Schenker denies the allegations of Paragraph 24.

25.     Schenker admits the allegations of Paragraph 25.

26.     Schenker is without sufficient information to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies them.

27.     Schenker denies the allegations of Paragraph 27.

28.     Schenker denies the allegations of Paragraph 28.

29.     Schenker states that Paragraph 29 refers to a document, the contents of which speak for themselves and to which no response is necessary.  To the extent Paragraph 29 seeks to characterize the contents of that document, Schenker denies such characterization.

30.     Schenker denies the allegations of Paragraph 30.

31.     Schenker denies the allegations of Paragraph 31.

32.     Schenker denies the allegations of Paragraph 32.

33.     Schenker denies the allegations of Paragraph 33.

34.     Schenker admits that Plaintiff reported that he had medical issues that required use of earned sick time, and that Plaintiff notified his manager of his issues, and need for sick leave, which was approved.  Schenker denies the remaining allegations of Paragraph 34.

35.     Schenker denies the allegations of Paragraph 35.

36.     Schenker admits that Plaintiff had not reached out to human resources about any purported medical condition in November 2020.  Schenker denies the remaining allegations of Paragraph 36.

37.     Schenker denies the allegations of Paragraph 37.

38.     Schenker denies the allegations of Paragraph 38.

39.     Schenker states that Paragraph 39 refers to a document, the contents of which speak for themselves and to which no response is necessary.  To the extent Paragraph 39 seeks to characterize the contents of that document, Schenker denies such characterization.  Schenker further states that it is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 39 and therefore denies them.

40.     Schenker denies the allegations of Paragraph 40.

41.     Schenker admits only that Plaintiff's employment was terminated on or about

December 1, 2020.  Schenker denies the remaining allegations of Paragraph 41.

42.      Schenker is without sufficient information to form a belief as to the truth of the allegations of Paragraph 42 and therefore denies them.

43.      Schenker admits that Plaintiff was not given a performance improvement plan. Schenker denies the remaining allegations of Paragraph 43.

44.      Schenker admits that one of Plaintiff's former colleagues was placed on a performance improvement plan, and resigned.  Schenker denies the remaining allegations of Paragraph 44.

45.      Schenker denies the allegations of Paragraph 45.

46.      Schenker admits that Plaintiff received his final pay on or about December 11, 2020.

47.      Schenker states that Paragraph 47 consists of legal conclusions to which no response is necessary.

48.      Schenker admits that Plaintiff accrued vacation time in the course of his employment.  Schenker states that the remaining allegations of Paragraph 48 consist of legal conclusions to which no response is necessary.

49.      Schenker denies the allegations of Paragraph 49.

50.      Schenker denies the allegations of Paragraph 50.

51.      Schenker is without sufficient information to form a belief as to the truth of the allegations of Paragraph 51 and therefore denies them.

52.      Schenker states that Paragraph 52 consists of legal conclusions to which no response is necessary.  To the extent a response is necessary, Schenker denies the allegations of Paragraph 52.

53.     Schenker states that Paragraph 53 consists of legal conclusions to which no response is necessary.  To the extent a response is necessary, Schenker denies the allegations of Paragraph 53.

COUNT I
EMPLOYMENT DISCRIMINATION BASED ON AGE
M.G.L. c. 151B, §4

54.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

55.     Schenker states that Paragraph 55 consists of legal conclusions to which no response is necessary.

56.     Schenker denies the allegations of Paragraph 56.

57.     Schenker denies the allegations of Paragraph 57.

COUNT II
EMPLOYMENT DISCRIMINATION BASED ON DISABILITY
M.G.L. c. 151B, §4

58.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

59.     Schenker states that Paragraph 59 consists of legal conclusions to which no response is necessary.

60.     Schenker denies the allegations of Paragraph 60.

61.     Schenker denies the allegations of Paragraph 61.

COUNT III
RETALIATION
M.G.L c. 151B, §4

62.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

63.     Schenker states that Paragraph 63 consists of legal conclusions to which no response is necessary.

64.     Schenker denies the allegations of Paragraph 64.

65.     Schenker denies the allegations of Paragraph 65.

66.     Schenker denies the allegations of Paragraph 66.

67.     Schenker denies the allegations of Paragraph 67.

68.     Schenker denies the allegations of Paragraph 68.

COUNT IV
EMPLOYMENT DISCRIMINATION BASED ON AGE
29 U.S.C. §621

69.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

70.     Schenker states that Paragraph 70 consists of legal conclusions to which no response is necessary.

71.     Schenker states that Paragraph 71 consists of legal conclusions to which no response is necessary.

72.     Schenker states that Paragraph 72 consists of legal conclusions to which no response is necessary.

73.     Schenker denies the allegations of Paragraph 73.

74.     Schenker denies the allegations of Paragraph 74.

COUNT V
RETALIATION IN VIOLATION OF ADEA
29 U.S.C. § 623

75.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

76.     Schenker states that Paragraph 76 consists of legal conclusions to which no response is necessary.

77.     Schenker denies the allegations of Paragraph 77.

78.     Schenker denies the allegations of Paragraph 78.

79.     Schenker denies the allegations of Paragraph 79.

80.     Schenker denies the allegations of Paragraph 80.

81.     Schenker denies the allegations of Paragraph 81.

COUNT VI
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
42 U.S.C. §12112

82.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

83.     Schenker states that Paragraph 83 consists of legal conclusions to which no response is necessary.

84.     Schenker states that Paragraph 84 consists of legal conclusions to which no response is necessary.

85.     Schenker states that Paragraph 85 consists of legal conclusions to which no response is necessary.

86.     Schenker denies the allegations of Paragraph 86.

87.     Schenker denies the allegations of Paragraph 87.

COUNT VII
RETALIATION IN VIOLATION OF ADA
42 U.S.C §12203

88.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

89.     Schenker states that Paragraph 89 consists of legal conclusions to which no response is necessary.

90.     Schenker denies the allegations of Paragraph 90.

91.     Schenker denies the allegations of Paragraph 91.

92.     Schenker denies the allegations of Paragraph 92.

93.     Schenker denies the allegations of Paragraph 93.

COUNT VIII
NONPAYMENT OF WAGES CLAIM
M.G.L. c. 149, §148

1.     [sic]     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

2.     Schenker denies the allegations of Paragraph 2 [sic].

3.     Schenker denies the allegations of Paragraph 3 [sic].

4.     Schenker denies the allegations of Paragraph 4 [sic].

5.     Schenker denies the allegations of Paragraph 5 [sic].

6.     Schenker denies the allegations of Paragraph 6 [sic].

COUNT IX
RETALIATION
M.G.L. c. 149, §148A

7.     Schenker incorporates its responses to the previous paragraphs as if set forth fully herein.

8.     Schenker denies the allegations of Paragraph 8 [sic].

9.     Schenker denies the allegations of Paragraph 9 [sic].

10.     Schenker denies the allegations of Paragraph 10 [sic].

11.     Schenker denies the allegations of Paragraph 11 [sic].

12.     Schenker denies the allegations of Paragraph 12 [sic].

Schenker states that the paragraph headed "Prayers for Relief," paragraphs A. through H. that follow it, and the jury demand consist of legal conclusions and demands to which no response is necessary.  To the extent a response is necessary, Schenker denies the allegations and demands of same.

## GENERAL DENIAL

Schenker otherwise denies all allegations not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent the claims of the Plaintiff are based on alleged actions that occurred outside the applicable statutes of limitations, such claims are barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the failure to exhaust administrative remedies required by applicable laws, and failure to meet administrative prerequisites before filing suit.

### FOURTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover for any act or omission not timely referenced in any administrative charge or complaint, Plaintiff may not recover any relief for such alleged act or omission.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because he failed to exercise reasonable diligence in mitigating his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exercise reasonable diligence to avoid harm.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly sustained or unreasonably failed to mitigate, minimize or avoid any damages, any economic damages attributable to the conduct of Schenker must be reduced by that amount.

## EIGHTH AFFIRMATIVE DEFENSE

Any and all actions Schenker took with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory and nonretaliatory reasons and consistent with business necessity and/or based on a reasonable factor other than age.

## NINTH AFFIRMATIVE DEFENSE

Schenker, at all times relevant to this action, acted in good faith and in full compliance with all applicable laws and duties.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations in the Complaint, Schenker had an effective policy for the prevention and correction of unlawful practices.  Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with the allegations of unlawful practices asserted in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Schenker is not liable to the extent that any of its individual employees or agents acted outside the course and scope of his or her employment.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows he engaged in misconduct prior to, during, after, or in connection with his employment, that otherwise would have resulted in his discharge, if such conduct were then known to Schenker.

## THIRTEENTH AFFIRMATIVE DEFENSE

Schenker would have taken the same actions in regard to Plaintiff in the absence of any alleged discriminatory or retaliatory factor.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, laches and/or estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of accord and satisfaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any recovery should be offset by sums owed by Plaintiff to Schenker.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Schenker was justified in all actions taken towards Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for unpaid wages fail to the extent the time for which he seeks

compensation does not constitute compensable time and/or do not constitute wages under applicable law.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for unpaid wages fail to the extent the wages for which he seeks compensation are de minimis.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he timely received all amounts owed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Schenker does not owe wages to Plaintiff to the extent those wages were subject to attachment, trustee process, a valid assignment thereof, or a valid set-off against the same.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Schenker does not owe wages to Plaintiff because of his absence from his regular place of labor at the time of payment.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Schenker does not owe wages to Plaintiff because there was an actual tender to Plaintiff of any wages earned by him.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive, exemplary, multiple or liquidated damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees and/or costs.

Schenker hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

WHEREFORE, Schenker requests judgment dismissing the Complaint with prejudice, together with its costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,

SCHENKER AMERICAS, INC.,

By its attorneys,

*/s/ Stephen T. Melnick*

Stephen T. Melnick (No. 667323)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
smelnick@littler.com

Dated:  July 21, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of July, 2021, a true and accurate copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants.

*/s/ Stephen T. Melnick*
Stephen T. Melnick